The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.



**Russ Kendig**
**United States Bankruptcy Judge**

Dated: 03:38 PM February 25, 2021

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| KIMBERLY C. SUTTER, | : | CASE NO. 16-62301 |
| | : | |
| Debtor. | : | JUDGE RUSS KENDIG |
| | : | |
| | : | **MEMORANDUM OF OPINION** |
| | : | **(NOT FOR PUBLICATION)** |
| | : | |

This matter is before the court to consider Debtor's motions to avoid the lien of Jody Lykins ("Creditor"), filed December 10, 2020. (ECF Nos. 19, 20.) Creditor objected on December 23, 2020 and December 30, 2020. (ECF Nos. 21-23.) A hearing was held on February 8, 2021.

The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. Gen. Ord. No. 2012-07 (N.D. Ohio April 4, 2012). This matter is a core proceeding and the court has authority to enter final orders and judgments. 28 U.S.C. § 157(b)(2)(K). Pursuant to 28 U.S.C. § 1408, venue in this court is proper. This opinion constitutes the court's findings of fact and conclusions of law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

# BACKGROUND

The facts are not disputed. Debtor filed a petition for relief under chapter 7 of the Bankruptcy Code on November 7, 2016 (the "Petition Date"). In Schedule A/B, Debtor listed several interests in real property, including properties located at 7708 Bowman Road, Plymouth, Ohio 44865 (the "Bowman Road Property") and 501 Howard Street, Mansfield, Ohio 44875 (the "Howard Street Property") (collectively, the "Properties").

In Schedule C, Debtor claimed a $25,720 exemption in the Bowman Road Property pursuant to Ohio Revised Code ("O.R.C.") § 2329.66(A)(1). Debtor claimed a $25 exemption in the Howard Street Property pursuant to O.R.C. § 2329.66(A)(18). The value of the Bowman Road Property is $92,910. (Ex. A to Debtor's Mot., ECF No. 19-1.) The value of the Howard Street Property is $11,530. (Ex A to Debtor's Mot., ECF No. 20-1.)[1] The Properties are subject to Creditor's judgment lien in the amount of $18,550.92 (plus accrued interest through August 18, 2015). The Bowman Road Property is also subject to two liens held by Mechanic's Bank: a first mortgage in the amount of $50,711.52 and a second lien from a home equity loan in the amount of $10,343.31. There are no other liens or mortgages on the Properties.

Debtor received a discharge on February 10, 2017 and her case was closed on February 17, 2017. Debtor reopened her case on December 1, 2020 for the purpose of avoiding Creditor's lien. Debtor contends that the lien impairs her exemptions, and seeks to avoid the lien under 11 U.S.C. § 522(f). Creditor argues that Debtor cannot avoid the lien on the Howard Street Property because Debtor used her homestead exemption for the Bowman Road Property.

# DISCUSSION

Section 522(f)(1)(A) of the Bankruptcy Code provides in relevant part:

> (1) Notwithstanding any waiver of exemptions, . . . the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is —
>
> (A) a judicial lien . . . .

11 U.S.C. § 522(f)(1)(A). Section 522(f)(2)(A) sets forth the equation for determining impairment. Under that section, a lien is considered to impair an exemption to the extent that the sum of the lien, all other liens on the property, and the amount of the exemption that the debtor could claim if there were no liens on the property exceeds the value that the debtor's interest in the property would have in the absence of any liens. Id. § 522(f)(2)(A). Section 522(f) allows for partial avoidance of a judicial lien to the extent that the lien only partially impairs the debtor's exemption. Tedeschi v. Falvo (In re Falvo), 227 B.R. 662, 666-67 (B.A.P. 6th Cir. 1998). A debtor seeking to avoid a lien under § 522(f) bears the burden of proof by a

---

[1] The valuations, which Creditor does not contest, are based on reports from the Richland County Auditor.

preponderance of the evidence. Lee v. Bank One, N.A. (In re Lee), 249 B.R. 864, 867 (Bankr. N.D. Ohio 2000).

I. **The Bowman Road Property**

| Creditor's Lien: | $18,550.92 |
|---|---|
| Other Liens: | |
| - Mechanic's Bank (1st Mortgage) | $50,711.52 |
| - Mechanic's Bank (Home Equity) | $10,343.31 |
| Exemption Debtor Could Claim:[2] | $136,925[3] |
| Total: | $216, 530.75 |
| Less the Value of Debtor's Interest: | $92,910 |
| Extent of Impairment: | $123,620.75 |

Because the extent of impairment exceeds the amount of Creditor's lien, Creditor's lien on the Bowman Road Property is fully avoided.

II. **The Howard Street Property**

| Creditor's Lien: | $18,550.92 |
|---|---|
| Other Liens: | $0 |
| Exemption Debtor Could Claim: | $25[4] |
| Total: | $18,575.92 |
| Less the Value of Debtor's Interest: | $11,530 |
| Extent of Impairment: | $7,045.92 |

The extent of impairment does not exceed the value of Creditor's lien on the Howard Street Property. Thus, Creditor's lien on the Howard Street Property is partially avoided in the amount of $7,045.92. Notwithstanding the partial avoidance of Creditor's lien, interest on the lien continues to accrue during the pendency of this bankruptcy case. See, e.g., In re Kanakaris, 341 B.R. 33, 35 (Bankr. S.D. Cal. 2006). Creditor is entitled to the remaining balance of the lien ($11,505) plus interest from the Petition Date at the rate as provided by state law.

---

[2] In Schedule C, Debtor only claimed a $25,720 exemption in the Bowman Road Property and a $25 exemption in the Howard Street Property. But debtors are not limited to the exemptions they claim in Schedule C for lien avoidance purposes under § 522(f), nor is there a precondition that debtors even claim an exemption in order to avoid a lien which the debtor contends impairs an exemption. In re Scannell, 453 B.R. 36, 40 (Bankr. N.H. 2011) (collecting cases). Rather, under § 522(f), a debtor is entitled to use an exemption in the amount corresponding to the amount to which the debtor would have been entitled to claim.

[3] In November 2016 when this case was filed, the maximum "homestead exemption" a debtor could claim under O.R.C. § 2329.66(A)(1) was $136,925. Exemptions, Ohio Judicial Conference, available at http://www.ohiojudges.org/Resources/publications. The Ohio Judicial Conference is responsible for periodically adjusting Ohio's exemption amounts for inflation. OHIO REV. CODE § 2329.66(B).

[4] When this case was filed, the maximum "wildcard exemption" a debtor could claim under O.R.C. § 2329.66(A)(18) was $1,250. However, Debtor used $1,225 of this exemption on a 2002 Chevrolet Silverado, leaving just $25 that she could claim for the Howard Street Property.

3

Creditor argues that Debtor cannot avoid the lien on the Howard Street Property because she did not use her homestead exemption on that property. But debtors are permitted to use other exemptions for lien avoidance purposes. See, e.g., In re Oglesby, 333 B.R. 788, 791 (Bankr. S.D. Ohio 2005) (holding that the debtor was allowed to use his wildcard exemption to avoid creditor's judgment lien under 11 U.S.C. § 522(f)). Thus, Creditor's argument fails.

The court notes that allowing Debtor to receive all of the appreciation going forward on an *investment property*[5] simply by claiming a nominal exemption is hardly congruous with the Bankruptcy Code's rehabilitative purposes. See Indus. Ins. Servs. v. Zick (In re Zick), 931 F.2d 1124, 1129-30 (6th Cir. 1991) (quoting McLaughlin v. Jones (In re Jones), 114 B.R. 917, 926 (Bankr. N.D. Ohio 1990)) (stating that the Bankruptcy Code is intended to provide debtors a "fresh start," not a "head start"). Yet the result in this case is impelled by the plain language of O.R.C. § 2329.66(A)(18) and 11 U.S.C. § 522(f)(1).

Judge Whipple addressed this concern in In re Pees, No. 09-32472, 2013 Bankr. LEXIS 2958 (Bankr. N.D. Ohio July 22, 2013). There, the debtor sought to avoid a creditor's judgment lien on six of the debtor's non-residential properties. The debtor claimed a $1 wildcard exemption on each property. The creditor "questioned why Debtor should be able to stiff his creditors in bankruptcy while keeping his nonresidential real estate through avoidance of judgment liens that attached to them." Id. at *11. Judge Whipple stated that the creditor's objection raised the so-called issue of "artificial impairment"—i.e. "whether a debtor may claim a de minimis exemption on an interest in property . . . for the sole purpose of avoiding a creditor's lien pursuant to § 522(f)(1)." Id. at *11-12. Judge Whipple held that even though the debtor's artificial impairment of his nonresidential real estate was "not entirely equitable," the language of O.R.C. § 2329.66(A)(18) and 11 U.S.C. § 522(f)(1) "countenance allowing debtors to use the exemptions at their disposal to produce an 'artificial' impairment for the purposes of avoiding a judicial lien . . . ." Id. at *19.

This court agrees with Judge Whipple's reasoning in Pees. Therefore, the court will enter a separate order in accordance with this opinion.

**Service List**:

David C. Badnell
21 North Walnut Street
Mansfield, OH 44902

James Blunt, II
3954 Industrial Parkway Drive
Shelby, OH 44875

---

[5] See ECF No. 1, p. 23; see also Lykins v. Sutter, 13-CV-1278 (Richland County Ct. C.P. Nov. 22, 2013).

Josiah L. Mason
153 W Main Street
P.O. Box 345
Ashland, OH 44805-2219